In the Matter of the Liquidation of the NORTHERN BANK OF NEW YORK.

HENRY D. HOLDEN, as Administrator with the Will Annexed of the Estate of GEORGE D. EIGHMIE, Deceased, Appellant; COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents.

Third Department, May 3, 1944.

*Bernard Cowen,* attorney for appellant.

*Nathaniel L. Goldstein, Attorney-General,* for respondents.

BLISS, J.   On December 27, 1910, the Northern Bank of New York became insolvent and was taken over by the State Superintendent of Banks who proceeded to liquidate its affairs.   By 1921 dividends amounting to 72⅛% had been paid on all approved claims of depositors including appellant's testator, and the Supreme Court granted the Superintendent's motion that funds be reserved by the Superintendent to pay an equal dividend on unfiled claims of certain depositors.   There was no appeal from this order and $22,482.59 was so reserved.   On September 28, 1937, this amount was transferred by the Superintendent to the State Comptroller as abandoned funds under Banking Law, section 127, together with a list of the persons appearing from the books of the defunct bank to be entitled thereto.   Appellant's testator had filed his claim and received his dividend of 72⅛% and was not named in this list.   His administrator has instituted these two proceedings to compel payment of the balance of testator's claim out of the fund now in the State Comptroller's hands.

In 1908 the liquidation of banking corporations was conducted by receiverships under the jurisdiction of the Supreme Court.   By Laws of 1908, chapter 143, the Superintendent of Banks was authorized to liquidate certain banks under court supervision in certain respects.   At the time of this liquidation Laws of 1910, chapter 452 provided " The court may make

proper provision for unproved or unclaimed deposits ''. This was a change from the usual equity rule prevailing prior to 1908 that the assets be distributed among the creditors who had established their claims and unproven claims were disregarded on the declaration of dividends. By Laws of 1914, chapter 369, Banking Law, section 45 provided '' The Superintendent may take and hold as trustee for the owners thereof any sums which remain due to and unclaimed by any creditor, depositor, stockholder or shareholder of any corporation or private or individual banker, to which this chapter is applicable, after the completion of the voluntary or involuntary liquidation of the business and affairs of such corporation or banker.''

The Superintendent was also required to keep an index of the persons for whom he held such unclaimed deposits in trust. So stood the law in 1921 when the Supreme Court directed the preservation of the fund here involved. This was clearly a trust for the benefit of depositors who had not yet claimed their dividends and not for those, like appellant's testator, who had been paid his proportionate share of the assets. Not only was such order proper under the statute but appellant's testator took no appeal therefrom, although he was a party to the proceeding. Consequently he is bound thereby. The transfer of the trust funds to the Comptroller as abandoned funds created no new right in appellant. He was properly not listed as one of the unclaiming depositors and is not now entitled to be paid any portion thereof.

Appellant questions the constitutionality of State Finance Law, section 85, which authorizes the Comptroller to receive funds which the Superintendent as liquidator of banks shall have deemed abandoned and vests in the Comptroller exclusive jurisdiction to determine all claims thereto but limits his powers to the claims of persons whose names have been furnished by the Superintendent. He argues that this statute violates the due process clauses of the State and Federal Constitutions. It provides for escheat to the State of that portion which remains unclaimed after ten years. We believe appellant is not in a position to raise this question because he has no interest in this fund. But even if he were, we find no fault in the statute. The escheat to the State of abandoned bank deposits is not novel and has been many times held valid so long as there is substantial ground for believing them abandoned and there is preserved to the original owner the right to recover them within a reasonable length of time. (*Anderson Nat. Bank* v. *Luckett*, 321 U. S. 233.)

The orders should be affirmed, with twenty-five dollars costs and disbursements.

HILL, P. J., HEFFERNAN, SCHENCK and BREWSTER, JJ., concur.

Orders affirmed, with twenty-five dollars costs and disbursements. [See 268 App. Div. ——.]